# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| ANGELO MANCUSO, III, | Case No.: |
| Plaintiff, | |
| v. | **ACTION FOR DAMAGES** |
| MHSFR, LLC; MARRIOTT INTERNATIONAL, INC.; MARRIOTT OWNERS RESORTS (ST. THOMAS), INC. d/b/a MARRIOTT FRENCHMAN'S COVE; MARRIOTT OWNERSHIP RESORTS, INC. d/b/a MARRIOTT VACATION CLUB INTERNATIONAL, | |
| Defendants. | <u>JURY TRIAL DEMANDED</u> |

## <u>COMPLAINT</u>

COMES NOW Plaintiff, ANGELO MANCUSO, III, by and through his undersigned counsel, and files his Complaint against Defendants MHSFR, LLC, MARRIOTT INTERNATIONAL, INC., MARRIOTT OWNERS RESORTS (ST. THOMAS), INC., MARRIOTT OWNERSHIP RESORTS, INC. and MARRIOTT VACATIONS WORLDWIDE CORPORATION and alleges the following:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1332.

2. The plaintiff, ANGELO MANCUSO, III, is an adult citizen of Egg Harbor Township, New Jersey.

3. Defendant, MHSFR, LLC, is a Virgin Islands company licensed to do business in the Territory of the Virgin Islands at the time of the incident that forms the basis for this lawsuit, and which conducts business in the Territory of the U.S. Virgin Islands, where it is a resident and citizen, with its principal place of business on St. Thomas.

**ANGELO MANCUSO, III VS. MHSFR, LLC**
Complaint
Page 2

4. Defendant, MARRIOTT INTERNATIONAL, INC. ("Marriott Int'l"), is a Delaware corporation with its principal place of business in Bethesda, MD that owns the property on which the accident occurred and operates the property as a hotel and vacation resort on St. Thomas, U.S. Virgin Islands.

5. Defendant, MARRIOTT OWNERS RESORTS (ST. THOMAS), INC. is a Virgin Islands corporation with its principal place of business on St. Thomas, U.S. Virgin Islands that owns the property on which the accident occurred and operates the property as a hotel and vacation resort on St. Thomas, U.S. Virgin Islands.

6. Defendant, MARRIOTT OWNERSHIP RESORTS, INC. is a Delaware corporation with its principal place of business in Bethesda, MD that owns the property on which the accident occurred and operates the property as a hotel and vacation resort on St. Thomas, U.S. Virgin Islands.

7. Defendant MARRIOTT VACATION WORLDWIDE CORPORATION, is a Delaware corporation with its principal place of business in Bethesda, MD that owns the property on which the accident occurred and operates the property as a hotel and vacation resort on St. Thomas, U.S. Virgin Islands.

8. On August 21, 2018, Plaintiff was an individual at the subject premises on vacation with his family.

9. The Premises owned, occupied, and/or controlled by the defendants where the Plaintiff was walking was in an unreasonably dangerous condition due to a slippery, wet surface near the upper level stairs behind the pool, near the elevator, an area in which customers traverse, which caused the plaintiff to slip and fall with great force.

10. The slippery, wet surface near the upper level stairs behind the pool, near the elevator was due to sprinklers, which in addition to watering foliage, sprayed over the walkway and covered the walkway with water spray.

11. At the time of the incident complained of herein, the area which contained the slippery, wet surface did not have proper lighting (if any), safety signs, warning signs or any other safety measures to enable pedestrians to safely traverse the area.

12. The defendants were responsible for inspecting and maintaining the area specifically the walkway complained of herein.  The defendants were also responsible for ensuring that walkways located on the premises do not pose a slip hazard, and/or if they do then to ensure that warning signs are placed near any such hazards.  The lack of the area being cordoned off and/or the lack of warning signs caused the Plaintiff to fall and sustain injury.

13. As a direct and proximate result of the Defendants' failure to ensure that its premises were in a safe condition, the Plaintiff fell down on the slippery wet walkway, causing him to sustain severe injuries to his body, including his back.

14. Plaintiff's injuries include pain and suffering, mental anguish, loss wages, loss of enjoyment of life, disfigurement and medical expenses, all of which have accrued in the past and will continue to accrue into the future.

**COUNT I**
**(Negligence)**

15. Plaintiff repeats and realleges all preceding paragraphs 1-14, which are incorporated herein by reference.

16. Plaintiff was a guest at Marriott Frenchman's Cove remaining on the property for a purpose directly connected to the business dealings of MHSFR, II, Marriott International, Inc., Marriott Ownership Resorts, Inc., Marriott Vacation Worldwide Corporation; and Marriott Ownership Resorts (St. Thomas), Inc.

17. The defendants had a duty to the plaintiff that required the Defendants and their agents to maintain the Premises in a reasonably safe condition for guests, such as the plaintiff.

18. This obligation creates a duty on the part of the defendants to maintain, inspect, and to ensure that the Premises are in a reasonably safe condition for guests on the Premises, such as the Plaintiff.

19. The defendants negligently breached this duty, including but not limited to in the following respects:

    a.  by failing to properly inspect and maintain the Premises;

    b.  by failing to provide for, and to have its employees actually make, adequate patrols of the Premises so as to locate, warn of, cordon off, and to timely correct conditions that can pose a hazard to customers, including the slippery, wet surface near the upper level stairs behind the pool, near the elevator as complained of herein; and

    c.  by failing to warn customers, including plaintiff, of the dangerous condition of the Premises including that the area where the plaintiff was injured was dangerous and presented a risk of harm, specifically the slippery, wet surface near the upper level stairs behind the pool, near the elevator that could result in potential falls.

**ANGELO MANCUSO, III VS. MHSFR, LLC**
Complaint
Page 5

20. The defendants failed to monitor the Premises properly and further failed to hire, retain and to train appropriate and sufficient personnel to monitor, maintain, repair, clean, and inspect the Premises and to ensure that the Premises was maintained and operated in a manner that was safe for customers on the Premises, such as the Plaintiff.

21. As a direct and proximate result of the Defendants' negligent acts and omissions, the Plaintiff has been damaged in amounts to be proven at trial as alleged herein.

**WHEREFORE**, the Plaintiff seeks an award of compensatory damages against the defendants in an amount as determined by the trier of fact along with any other relief the Court deems appropriate, including punitive damages if warranted by the facts.

Respectfully submitted,

Dated: August 19, 2020

*/s/ Ryan W. Greene*
Ryan W. Greene, Esq.
VI Bar No. 839
15-B Norre Gade
P.O. Box 1197
Charlotte Amalie, St. Thomas
U.S. Virgin Islands 00804
Telephone: (340) 715-5297
Fax: (888) 519-7138
ryan@ryan-greene.com